**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 07-4381**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALANDRA JEAN CALLOWAY, a/k/a CJ,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Sr.,
Senior District Judge.  (1:06-cr-00439-WLO)

─────────

Submitted:  December 20, 2007      Decided:  December 26, 2007

─────────

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas H. Johnson, Jr., GRAY JOHNSON BLACKMON LEE & LAWSON,
Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner,
United States Attorney, Randall S. Galyon, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calandra Jean Calloway pled guilty, pursuant to a written plea agreement, to conspiracy to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2000). The district court sentenced Calloway to 168 months imprisonment. Calloway noted a timely appeal in which she challenges her sentence as unreasonable.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as other relevant factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, ___ U.S. ___, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness of sentence within properly calculated sentencing guidelines range).

The district court properly calculated a sentencing guidelines range of 168 to 210 months imprisonment and imposed a sentence within the statutory maximum of life imprisonment. The court treated the sentencing guidelines as advisory and found a 168-month sentence was sufficient but not greater than necessary to comply with the factors set forth in § 3553(a). We conclude that Calloway's sentence was reasonable. See also United States v. Eura, 440 F.3d 625, No. 05-4437, slip op. at 11 (4th Cir. 2006) ("To establish reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record.").

Accordingly, we affirm Calloway's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED